**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| AMAGGI SA, AS CHARTERER OF THE BULK CARRIER DAIWAN ELEGANCE, OFFICIAL NUMBER 9697894, | * * * IN ADMIRALTY * |
| Plaintiff, | * * |
| v. | * CIVIL ACTION NO: 2:19-cv-00590 * |
| FRATELLI COSULICH UNIPESSOAL S.A. F/K/A FRATELLI COSULICH CONSULTADORIA E PARTICIPACOES UNIPESSOAL, LDA, and BOMIN BUNKER OIL CORPORATION | * * * * * * |
| Defendants | * * |

**COMPLAINT**

Plaintiff, AMAGGI SA ("AMAGGI"), as time charterer of the vessel DAIWAN ELEGANCE, official number 9697894, (the "Vessel"), files suit against FRATELLI COSULICH UNIPESSOAL S.A. F/K/A FRATELLI COSULICH CONSULTADORIA E PARTICIPACOES UNIPESSOAL, LDA ("FRATELLI") and BOMIN BUNKER OIL CORPORATION ("BOMIN"), and alleges:

**NATURE OF ACTION**

1.     This is an action for damages under general maritime law to resolve a dispute between the parties as to the applicable contractual terms and provisions for a marine fuel sale and damage claims arising out of mechanical problems, potential engine/fuel system damage, and necessity to take remedial measures after the Vessel used defective fuel sold by FRATELLI and supplied by BOMIN.

## JURISDICTION AND VENUE

2. This is a case of admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper under 28 U.S.C. § 1333.

3. Venue over this claim is vested in this district pursuant to 28 U.S.C. § 1391(b)(3), as a substantial part of the events or omissions giving rise to the claim occurred in Norfolk, and personal jurisdiction exists over defendants because the parties agreed to resolve any disputes arising out of their contracts and transactions by submitting to the jurisdiction of a court in the United States.

4. All conditions precedent have occurred, have been performed, or have been waived.

## PARTIES

5. AMAGGI is a limited company organized under the laws of Switzerland with its principal place of business there. In November 2018, AMAGGI had time chartered the Vessel from NAVISION SHIPPING COMPANY AS ("NAVISION"). NAVISION time chartered the Vessel from DAIWAN ELEGANCE SA (C/O WISDOM MARINE LINES SA) ("DAIWAN ELEGANCE"), the owner of the Vessel.

6. FRATELLI is a limited company organized under the laws of Portugal with its principal place of business there. FRATELLI is, and was on November 3, 2018, the Seller of the marine fuel to AMAGGI for the subject transaction.

7. BOMIN is corporation organized under the laws of the State of Texas with its principal place of business in Houston, Texas. BOMIN is, and was on November 3, 2018, the Physical Supplier of the marine fuel to AMAGGI for the subject transaction.

## THE MARINE FUEL SALE

8. Under the terms of its time charter, AMAGGI was responsible for providing fuel for the Vessel. On or about October 29, 2018, AMAGGI placed an order with FRATELLI to purchase approximately 310 metric tons of marine fuel when the Vessel reached Hampton Roads on or about November 1, 2018.

9. FRATELLI ordered the marine fuel from its supplier, BOMIN.

10. On October 29, 2018, FRATELLI, as the Seller, sent its *Amended Bunker Confirmation Final Qty* (the "AMAGGI Confirmation") to AMAGGI, the Buyer, forming the contract between the parties for the subject marine fuel sale. A copy of the AMAGGI Confirmation is attached as Exhibit "A" and incorporated herein by reference.

11. The AMAGGI Confirmation specified that BOMIN was to supply 310 metric tons of ISO 8217:2005 RMG 380 – 3.50% S MAX. *See* Exhibit "A."

12. Prior to the marine fuel sale on November 3, 2018, AMAGGI exercised due care under the circumstances with respect to the quality of fuel in the Vessel and the operability of the Vessel's equipment.

13. The marine fuel was delivered to the Vessel on November 3, 2018, at the Port of Hampton Roads. A copy of the *Bunker Delivery Receipt* is attached as Exhibit "B" and incorporated herein by reference.

## THE VESSEL'S MACHINERY PROBLEMS AND RESULTING CLAIMS

14. On November 4, 2018, the Vessel began using the fuel sold by FRATELLI and supplied by BOMIN.

15. Subsequently, on or about November 5, 2018, the Vessel began to suffer machinery problems caused by the defective fuel provided by FRATELLI and BOMIN.

16. On or about November 10, 2018, the Vessel stopped using the fuel.

17. On or about March 11, 2019, a Report of Analysis revealed that the fuel sold by FRATELLI and supplied by BOMIN was off-specification for "Density @ 15°C," as the result was 993.4 kg/m$^3$ compared to the upper specification limit of 991.0 kg/m$^3$. The "Total Sediment by Hot Filtration" was 0.07% (m/m). Additionally, the result for "Asphaltene Content" was 9.4 Wt.%, which is high.

18. On or about April 18, 2019, a second test (of a sample provided by BOMIN) showed the fuel was off-speculation for "Density @ 15°C," this time registering 994.1 kg/m$^3$ compared to the upper specification limit of 991.0 kg/m$^3$.

19. If the fuel sold by FRATELLI and supplied by BOMIN cannot be salvaged for use, the Vessel will have to debunker and dispose of the fuel at considerable cost.

20. AMAGGI has redelivered the Vessel to NAVISION with the defective fuel still onboard and taking up crucial tank space. AMAGGI faces potential arbitration with NAVISION for the recovery of damages resulting from the deficiency of the fuel.

21. As a result of FRATELLI's and BOMIN's delivery defective fuel to the Vessel, AMAGGI has been damaged in several respects, including the cost of cover, the costs and fees incurred responding to the potential arbitration, liabilities that may arise from the arbitration, lost time and costs incurred as a result of more frequent bunkering operations, costs and expenses for testing, costs and expenses for potential repairs due to any engine/fuel system damage, and other costs incidental to remedial measures and/or disposal of the fuel.

## COUNT I – BREACH OF CONTRACT

22. AMAGGI incorporates paragraphs 1 through 21.

23. FRATELLI and BOMIN contracted to provide AMAGGI 310 metric tons of marine fuel meeting certain specifications and quality. The fuel did not comply with the required fuel grade and specifications, resulting in damages to AMAGGI and the Vessel.

24. Failure to deliver fuel meeting the specifications and quality materially breached the contract as well as FRATELLI's and BOMIN's obligations under the Uniform Commercial Code.

25. As a result of FRATELLI's and BOMIN's breach, AMAGGI has and will continue to suffer damages.

WHEREFORE, AMAGGI demands a judgment against FRATELLI and BOMIN, jointly and severally, for its damages, and any such other relief that this Court deems necessary and proper.

## COUNT II – NEGLIGENCE (BOMIN)

26. AMAGGI incorporates paragraphs 1 through 21.

27. BOMIN owed AMAGGI a legal duty to provide marine fuel that could safely be consumed by vessels. It further owed a duty to advise of any quality issues with the marine fuel it provided to AMAGGI.

28. The marine fuel supplied by BOMIN was defective and could not by safely consumed by the DAIWAN.

29. BOMIN breached its duties to AMAGGI by providing marine fuel that was not suitable for safe consumption in a vessel and by failing to advise AMAGGI of the issues in quality of the fuel it supplied.

30. BOMIN knew or should have known that the marine fuel it supplied to AMAGGI for the DAIWAN was not suitable for safe consumption by the vessel and that there were issues with the quality of the marine fuel.

31. As a result of BOMIN's breach, AMAGGI has been damaged.

WHEREFORE, AMAGGI accordingly demands a judgment against BOMIN, and any such other relief that this Court deems necessary and proper.

### COUNT III – NEGLIGENCE (FRATELLI)

32. AMAGGI incorporates paragraph 1 through 21.

33. FRATELLI owed AMAGGI a legal duty to ensure its supplier, BOMIN, provide marine fuel that could safely be consumed by vessels. It further owed a duty to advise of any quality issues with the marine fuel it provided to AMAGGI.

34. The marine fuel supplied by BOMIN was defective and could not by safely consumed by the Vessel.

35. FRATELLI breached its duties to AMAGGI by allowing BOMIN to provide marine fuel that was not suitable for safe consumption in a vessel and by failing to advise AMAGGI of the issues in quality of the fuel it supplied.

36. FRATELLI knew or should have known that the marine fuel BOMIN supplied to AMAGGI for the Vessel was not suitable for safe consumption by the Vessel.

37. As a result of FRATELLI's breach, AMAGGI has been damaged.

WHEREFORE, AMAGGI accordingly demands a judgment against FRATELLI, and any such other relief that this Court deems necessary and proper.

## COUNT IV – INDEMNITY

38. AMAGGI incorporates paragraphs 1 through 21.

39. A special relationship exists between AMAGGI and FRATELLI as well as AMAGGI and BOMIN because FRATELLI agreed to sell marine fuel supplied by BOMIN to AMAGGI pursuant to the fuel grade and specifications in the AMAGGI Confirmation.

40. The marine fuel suppled for the Vessel was not of the fuel grade or specifications required under the AMAGGI Confirmation and was not suitable for safe consumption by a vessel.

41. To the extent these allegations are true, both FRATELLI and BOMIN are at fault.

42. AMAGGI is wholly without fault with respect to the quality of the marine fuel it used.

43. To the extent AMAGGI is liable to NAVISION, or DAIWAN ELEGANCE, or any other party arising out of the subject marine fuel sale, it is only because AMAGGI is vicariously, constructively, derivatively, or technically liable for the wrongful acts of FRATELLI and BOMIN.

WHEREFORE, AMAGGI accordingly demands that it be indemnified by FRATELLI and BOMIN for all damages arising out of the subject marine fuel sale.

**AMAGGI SA**

By: /s/ John E. Holloway
        Of Counsel

John E. Holloway, Esq. (VSB No. 28145)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7724
Facsimile: (757) 687-7510
john.holloway@troutman.com
*Attorneys for Plaintiff Amaggi SA*